■ In the Matter of MORTON MELTZER, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, NEW YORK, INC., Petitioner.— In this proceeding to discipline an attorney for professional misconduct, petitioner moves to confirm the report of the Justice of the Supreme Court to whom the proceeding was referred for hearing and report. Respondent was admitted to the Bar by this court on December 19, 1934. The charges against respondent were based on a complaint by one of his clients as to his conduct with respect to a personal injury action which was pending in the Supreme Court, Bronx County, in which action the client was the plaintiff. They are set forth in the petition as four causes of action plus a general allegation that " respondent has been guilty of professional misconduct, malpractice, fraud, deceit and conduct prejudicial to the administration of justice." The reporting Justice has found respondent guilty in all respects. The four causes of action are as follows: (1) The client's action was dismissed on or about March 9, 1964 when it was reached for trial, and respondent " permitted the client's case to be dismissed; thus denying the client her day in Court." (2) On or about September 10, 1964 respondent made an unsuccessful motion to restore the case to the calendar; and he failed to file a notice of appeal, to notify the client of her right to appeal, and to take the necessary steps to protect the client's interest by appealing, thereby abandoning the client's case without the client's knowledge. (3) Respondent had the client sign papers (on the motion to restore the case), without explaining to her the contents and purpose of the papers and without attempting to enable her to understand the nature of the papers. (4) Respondent failed to notify the client that the case had been dismissed and the motion to restore denied until June of 1965, after the client's brother had made inquiry of respondent. We are in agreement with the learned reporting Justice in all respects, except as follows: The record includes evidence that respondent's explanation with respect to the first cause of action was that on March 9, 1964, early in the morning, he was at the Bronx courthouse and then and there gave to a representative of his court service, for presentation to the court, his affidavit in which it was stated that he was engaged that day before the Supreme Court, Kings County; and that the reason his affidavit was not accepted was that the case was not actually on the calendar. It was found in the report that this explanation was " incredible " and " at best, * * * sheer negligence." We must reject that finding and, in view of this evidence, it is our view that the finding that respondent " permitted " the case to be dismissed was not war-

ranted. We also are of the opinion that so much of the general charge as states that respondent was guilty of fraud and deceit was not established; and we therefore disaffirm the finding to the contrary. Petitioner's motion is granted in part and denied in part, as hereinabove indicated; and the report is confirmed, except that it is disaffirmed as hereinabove indicated. In considering the nature and extent of the discipline to be imposed, we have taken cognizance of certain factors in mitigation, namely, the fact that respondent has been a member of the Bar for 37 years and that the charges stem from only one case and do not reflect a pattern of neglect of clients' interests. Our conclusion is, and we direct, that a public censure be administered to respondent. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.